IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Respondent, ) | |
| ) | NO.  16-CV-0356 RB/SCY |
| v. ) | 02-CR-1104 RB |
| ) | |
| **RICHARD VALENCIANO**, ) | |
| ) | |
| Defendant-Movant. ) | |

### UNITED STATES' RESPONSE TO DEFENDANT'S
### MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

The United States of America hereby responds to Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255.  Doc. 1.[1]  Defendant argues that the Supreme Court's invalidation of the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) (ACCA) renders his sentence in excess of the statutory maximum.  *See Johnson v. United States*, 135 S. Ct. 2551 (2015).  In light of that decision, he requests that he be resentenced to a time-served sentence.   For the reasons set forth below, the United does not oppose the Court granting Defendant his requested relief.

**I.     Background**

On September 25, 2002, a jury convicted Defendant of the offense of felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).  Cr. Doc. 20.  A Presentence Report ("PSR")

---

[1] Citations to "Doc. __" refer to the document number in the civil case, 16-CV-356 RB/SCY. Citations to "Cr. Doc. __" refer to the document number in the criminal case, 02-CR-1104 RB. For documents that have been filed no both dockets, only the citation to the civil document number is provided.

was prepared, which concluded that Defendant was subject to the 15-year mandatory minimum under the ACCA because Defendant had four qualifying violent felony convictions. PSR at ¶ 33.[2] Because Defendant was classified as an armed career criminal, his offense level was increased to 33. *Id.* at ¶ 18. An offense level of 33 coupled with a criminal history category of V, resulted in a sentencing guideline range of 210 to 262 months. *Id.* at ¶ 61. On August 11, 2003, United States District Judge John E. Conway sentenced Defendant to 210 months of imprisonment. Cr. Doc. 33, 34. On April 27, 2016, the Tenth Circuit Court of Appeals granted Defendant's motion for permission to file a second or successive petition pursuant to 28 U.S.C. § 2255. Cr. Doc. 54. On that same date, Defendant filed the pending 28 U.S.C. § 2255 petition. Cr. Doc. 55.

As of May 31, 2016, Defendant has been imprisoned for thirteen years, ten months, and twenty days. *See* June 1, 2016, USPO memorandum.

**II.    Argument**

In general, the maximum term of imprisonment for the crime of which Defendant was convicted is ten years. 18 U.S.C. § 924(a)(2). At sentencing, the Court determined, however, that Defendant had at least three prior violent felony convictions, triggering application of the ACCA's mandatory minimum sentence of fifteen years. 18 U.S.C. § 924(e)(2)(B). The ACCA defines violent felony as a conviction of a crime punishable by more than one year imprisonment and "**(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or **(ii)** is burglary, arson, or extortion, involves use of explosives, or *otherwise*

---

[22] Although the PSR lists the four prior violent felonies as "two counts of aggravated battery . . . armed robbery . . . and conspiracy to escape," the Defendant's criminal history shows one aggravated battery conviction (PSR at ¶ 25), two conspiracy to commit armed robbery convictions (PSR at ¶ 29), and one conspiracy to escape conviction (PSR at ¶ 30). *See also* June 1, 2016, USPO memorandum, listing Defendant's four prior convictions.

*involves conduct that presents a serious potential risk of physical injury to another.*" *Id* (italics added).  The italicized language is referred to as the residual clause and was recently held unconstitutionally vague by the Supreme Court in *Johnson*.  *See Johnson*, 135 S. Ct. at 2557.  Because the government concedes that *Johnson* is retroactively applicable and because, after *Johnson*, Defendant's criminal history no longer triggers application of the ACCA without relying on the residual clause, the Court should grant Defendant's motion.

### A. The Supreme Courts' invalidation of the residual clause in *Johnson* is retroactively applicable.

The Supreme Court recently held that the residual clause in the definition of a "violent felony" in the ACCA is unconstitutionally vague.  *Johnson*, 135 S. Ct. at 2557.  The new rule of constitutional law announced in *Johnson* is retroactive in all ACCA cases – those pending on direct review as of the date *Johnson* was decided, *see Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), as well as those that were final before that date that are challenged on collateral review.  That is because, as applied to the ACCA, *Johnson* announced a new substantive rule entitled to retroactive effect.  *See Schriro* v. *Summerlin*, 542 U.S. 348, 352 (2004).  The United States therefore concedes that *Johnson* is retroactively applicable.[3]  *See United States v. Welch*, 136 S. Ct. 1257 (2016) (holding that *Johnson* is a substantive decision with retroactive effect under *Teague*).

### B. Without the residual clause, Defendant does not have three convictions that trigger application of the ACCA.

Given the retroactivity of *Johnson*, the next question is whether there are three predicate offenses that would trigger application of the ACCA without relying on the residual clause.

---

[3] Defendant's motion also is timely because he filed it within one year of the decision in *Johnson*, which was handed down on June 26, 2015.  28 U.S.C. § 2255(f)(3).

Defendant had four New Mexico state convictions that the Court concluded supported the ACCA enhancement: 1) aggravated battery; 2) conspiracy to commit armed robbery (two counts); and 3) conspiracy to escape. PSR at ¶¶ 25, 29 and 30. Defendant's prior convictions for conspiracy to commit armed robbery are not violent felonies under the ACCA. In addition, Defendant's prior conviction for conspiracy to escape also cannot serve as a predicate violent felony. Because Defendant only has one qualifying violent felony under the ACCA (aggravated battery), Defendant is not subject to the increased penalties contained in the ACCA and must be resentenced.

1. Defendant's two convictions for conspiracy to commit armed robbery do not qualify as predicate offenses.

Defendant's New Mexico convictions for conspiracy to commit armed robbery do not qualify as predicate convictions. In *United States v. King*, 979 F.2d 801 (10th Cir. 1992), the court examined the New Mexico conspiracy statute under which Defendant was convicted and concluded that conspiracy to commit armed robbery was neither a violent felony under the elements prong nor under the residual clause. *King*, 979 F.2d at 803-04.[4] Therefore, these convictions cannot support an ACCA enhancement.

2. Defendant's conviction for conspiracy to escape does not qualify as a predicate offense.

Defendant's New Mexico conviction for conspiracy to escape also cannot serve as a predicate offense without the residual clause of § 924(e).[5] A prisoner violates the New Mexico

---

[4] It appears based on *King* that Defendant was not subject to the ACCA's enhanced penalties at his initial sentencing hearing in 2002.

[5] The PSR lists the offense as "conspiracy and attempted escape." PSR at ¶ 30. The government, however, does not have a copy of the New Mexico judgment. Assuming that Defendant also was convicted of attempted escape, that offense would qualify as a violent felony only under the residual clause. *See United States v. Golding*, 39 F.3d 1140 (10th Cir. 1994) (holding that escape from a jail only qualified as an ACCA violent felony under the residual clause).

escape statute by either: "(a) escaping or attempting to escape from such penitentiary; or (b) escaping or attempting to escape from any other lawful place of custody or confinement and although not actually within the confines of the penitentiary." N.M.Stat. Ann. § 30-22-9. The New Mexico offense of conspiracy requires only that a person "knowingly combin[e] with another for the purpose of committing a felony within or without this state." N.M. Stat. Ann. § 30-28-2. Because the New Mexico conspiracy statute does not require an overt act, the Tenth Circuit held in *King* that offenses committed under the New Mexico conspiracy statute do not qualify as a violent felony under the "elements" prong of § 924(e) because the statute does not have "as an element the use, attempted use or threatened use of force." *See King*, 979 F.2d at 803. The court reasoned that force is not element because "the crime of conspiracy in New Mexico is complete upon the formation of the intent to commit a felony, and does not require that any action be taken on that intent." *Id*. Therefore, the offense could qualify as a violent felony only under the residual clause because conspiracy to escape is not one of the enumerated offenses in § 924(e). Because *Johnson* invalidated the residual clause, conspiracy to commit escape is not a violent felony under the ACCA. As a result, Defendant only has one qualifying predicate offense (aggravated battery) instead of the required three. Consequently, he is not subject to the enhanced penalties in the ACCA.

### III.   Conclusion

Given that (1) the Supreme Court invalidated the ACCA's residual clause; (2) the decision is retroactively applicable; (3) Defendant does not have three qualifying convictions without relying on the residual clause; and (4) Defendant has been imprisoned for more than ten

years, which is the statutory maximum if the ACCA is no longer applicable, the United States agrees that the Court should grant Defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 and resentence Defendant to a sentence of time served.

        Respectfully submitted,

        DAMON P. MARTINEZ
        United States Attorney

        */s/  Electronically Filed 06/02/2016*
        TERRI J. ABERNATHY
        Assistant U.S. Attorney
        555 S. Telshor Blvd., Ste. 300
        Las Cruces, NM 88011
        (575) 522-2304 - Tel.
        (575) 522-2391 - Fax

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification to defense counsel of record.

*/s/  Electronically Filed 06/02/2016*
TERRI J. ABERNATHY
Assistant U.S. Attorney